IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 5:14-CV-425-FL

| | | |
|---|---|---|
| PONCHITA COTTON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings. (DE 16, 22). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., issued a memorandum and recommendation, ("M&R"), wherein it is recommended that the court grant plaintiff's motion, deny defendant's motion, and remand this matter to defendant for further proceedings. Defendant timely filed objections to the M&R and plaintiff responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts as its own the recommendation of the magistrate judge, grants plaintiff's motion, and remands this case to the Commissioner.

## BACKGROUND

On September 7, 2011, plaintiff filed an application for supplemental security income. On September 19, 2011, plaintiff filed an application for a period of disability and disability insurance benefits. Both applications alleged a disability onset date of October 15, 2007. Plaintiff's claims were denied both initially and on reconsideration. On April 4, 2013, an administrative law judge ("ALJ") held hearing in this matter. On April 17, 2013, the ALJ entered order denying plaintiff's

request for benefits. On May 29, 2014, the Appeals Council, after considering the evidence presented at hearing, as well as supplemental evidence, denied plaintiff's request for review. On July 28, 2014, plaintiff timely filed complaint in this court.

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

To assist it in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not

2

direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since October 15, 2007, the date of alleged onset of disability. At step two, the ALJ found that plaintiff had the following severe impairments: arthritis of the left knee, hypertension, diabetes mellitus, and obesity. However, at step three, the ALJ determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listings in the regulations. Prior to proceeding

3

to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform light work, subject to certain limitations. These limitations included: lifting 20 pounds occasionally, lifting and carrying 10 pounds frequently, sitting for six hours in an eight-hour work day. In addition, the ALJ found that plaintiff could stand or walk for a total of six hours in an eight-hour work day, but required a work environment that would permit her to change between sitting and standing positions at least once per hour. Finally, the ALJ found that plaintiff could climb, balance, stoop, kneel, crouch, and crawl occasionally, but that she should avoid exposure to workplace hazards such as unprotected heights and dangerous machinery. In making this assessment, the ALJ found plaintiff's statements about her own limitations not fully credible. At step four, the ALJ concluded plaintiff was unable to perform any past relevant work. At step five, the ALJ concluded that plaintiff was not disabled for purposes of the Social Security Act, because there are jobs that exist in significant numbers in the national economy that plaintiff can perform.

B.  Analysis

Defendant objects to the M&R's recommendation that this case be remanded for further analysis because the ALJ failed to explain the weight given to a 2006 opinion of plaintiff's treating physician, Mark Burt. Specifically, defendant argues that Burt's opinion is not entitled to consideration for three reasons. First, defendant argues that it is irrelevant, given that it was rendered prior to the alleged onset date of plaintiff's disability. Next, defendant argues that it is not entitled to consideration because plaintiff had two surgeries subsequent to Burt's opinion that render it nugatory. Finally, defendant argues that, even if the ALJ should have discussed Burt's opinion, its

4

failure to do so was "harmless error," because the evidence overwhelmingly supports the conclusion that plaintiff is not disabled.

In August 2006, some 14 months prior to plaintiff's alleged disability onset, Burt opined that she was partially permanently disabled in her left knee. (Tr. 366). Burt further opined that plaintiff permanently was restricted from kneeling or squatting because of her knee injury. (Tr. 366). After Burt issued his opinion, plaintiff had two surgeries on her left knee. Other medical opinions, issued after the alleged onset of plaintiff's disability, note that the range of motion in her left knee is "normal." (Tr. 579, 610, 613; see also id. 568, 575, 611).

Defendant first argues that Burt's opinion is irrelevant because it pre-dates plaintiff's alleged disability onset date. The court disagrees. Where evidence predating the alleged date of disability is made part of the record, the regulations require the Commissioner to consider that evidence. See 20 C.F.R. § 404.1520(a)(3) ("We will consider all evidence in your case record when we make a determination."); Vandenboom v. Barnhart, 421 F.3d 745, 750 (8th Cir. 2005) ("[T]here is no valid reason to exclude consideration of medical records dated prior to [the] alleged date of onset."). Thus, defendant's contention that Burt's 2006 opinion is irrelevant because it pre-dates plaintiff's date of alleged disability onset is without merit.

Defendant next argues, without citation, that Burt's 2006 opinion is irrelevant because plaintiff's surgery is presumed to have corrected her condition. Thus, defendant contends, she cannot rely on Burt's 2006 opinion to establish any limitation on her ability to kneel or squat. In essence, defendant argues that all evidence establishing a disability prior to a surgery categorically becomes irrelevant after the procedure. The court disagrees. Although medical treatment may

5

render an otherwise disabling symptom non-disabling, it only does so where such treatment is effective. See Gross v. Heckler, 785 F.2d 1163, 1165–66 (4th Cir. 1986); see also 20 C.F.R. § 404.1530(c)(3) (noting that unsuccessful surgery is a permissible basis for not following a physician's prescribed treatment regimen). The ALJ failed to make any finding addressing the effectiveness of plaintiff's knee surgeries. Because the ALJ's opinion lacks discussion as to the effectiveness of plaintiff's surgeries, it was error to discount Burt's opinion.

Defendant finally argues that the ALJ's failure to discuss Burt's opinion is harmless error, which would allow the court to affirm the ALJ notwithstanding the previously discussed procedural deficiencies. "[R]eversal is not required when the alleged error clearly had no bearing on the procedure used or the substance of the decision reached." Ngarurih v. Ashcroft, 371 F.3d 182, 190 n.8 (4th Cir. 2004) (addressing harmless error in administrative review); see also Bishop v. Comm'r of Soc. Sec., 583 F. App'x 65, 67 (4th Cir. 2014). The ALJ's failure to discuss Burt's opinion is not "harmless error" for two reasons. First, the evidence upon which the ALJ relied shows only that plaintiff has a normal range of motion in her left knee. It does not address specifically plaintiff's ability to kneel or squat. Second, and perhaps more importantly, the ALJ's opinion suggests it did not consider Burt's opinion at all. (See Tr. 36) ("There are no treating or examining medical sources in the record.").[1] Accordingly, because the regulations require the ALJ to consider Burt's opinion and explain the weight given to it, and because the ALJ's failure to articulate such explanation is not harmless error, remand is required.

---

[1] The parties do not dispute that Burt was plaintiff's treating physician.

## CONCLUSION

Based on the foregoing, upon *de novo* review of the portions of the M&R to which specific objections were raised, and upon considered review of the remainder, the court ADOPTS the M&R as its own, GRANTS plaintiff's motion for judgment on the pleadings, (DE 16), and DENIES defendant's motion for the same (DE 22). Pursuant to sentence four of 42 U.S.C. § 405(g) this case is REMANDED to the Commissioner for further proceedings consistent with this order. The clerk is DIRECTED to close this case.

SO ORDERED, this the 29th day of September, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge